UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Rodney Shepherd, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Ally Financial, Inc., | : **DEMAND FOR JURY TRIAL** |
| Defendant. | : |

## COMPLAINT & JURY DEMAND

For this Complaint, Plaintiff, Rodney Shepherd, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. Plaintiff, Rodney Shepherd ("Plaintiff"), is an adult individual residing in Southeast Roanoke, Virginia, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. Defendant Ally Financial, Inc. ("Ally"), is a Michigan business entity with an address of 200 Renaissance Center, Post Office Box 200, Detroit, Michigan 48265-2000, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

**FACTS**

5. In or around February 2015, Ally began calling Plaintiff's cellular telephone, number 540-xxx-7305, using an automatic telephone dialing system ("ATDS").

6. When Plaintiff answered calls from Ally, he heard a clicking noise and music before he was connected to the next available representative.

7. Plaintiff never provided his cellular telephone number to Ally and never provided consent to receive calls from Ally.

8. During a conversation with a live representative, Plaintiff requested that the calls to his cellular telephone number cease.

9. Nevertheless, Ally continued to place automated calls to Plaintiff's cellular telephone number.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227, et seq.**

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11. At all times mentioned herein, Ally called Plaintiff's cellular telephone number using an ATDS or predictive.

12. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or

a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

13. Ally's telephone systems have some earmarks of a predictive dialer.

14. When Plaintiff answered calls from Ally, he heard a clicking noise and music before Ally's telephone system would connect him to the next available representative.

15. Ally's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16. Ally continued to place automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. The telephone number called by Ally was assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

18. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

19. The calls from Ally to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 4, 2016

          Respectfully submitted,

          By: /s/ Sergei Lemberg, Esq.
          Attorney for Plaintiff Rodney Shepherd
          LEMBERG LAW, L.L.C.
          43 Danbury Road
          Wilton, CT 06897
          Telephone: (203) 653-2250
          Facsimile:   (888) 953-6237
          Email: slemberg@lemberglaw.com